IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



RONNIE CLARKE,

    Plaintiff,

v.                                 Civil Action No. 3:11cv164

PETERSBURG CITY PUBLIC
SCHOOL, et al.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's MOTION TO DISMISS (Docket No. 8) pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth herein, the motion will be granted.

**BACKGROUND**

Ronnie Clarke ("Clarke") filed a Complaint[1] alleging that his employer, the City of Petersburg School Board (the "Board"), various individuals on the Board, and various Petersburg City Public School ("PCPS") employees (collectively the "Defendants") perpetrated "consistent and unrelenting acts of discrimination and retaliation" against him in violation of Title VII of the

---

[1] Clarke is proceeding pro se in this action. Therefore, the Court "will liberally interpret all of his filings and evidentiary proffers where possible." Martin v. Scott & Stringfellow, Inc., 643 F. Supp. 2d 770, 775 n.1 (E.D. Va. 2009) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. The Complaint, although somewhat convoluted, essentially devolves into three claims, when fairly construed. First, Clarke claims that he was unlawfully terminated from his position with PCPS. (Compl. ¶ 15.) Second, Clarke claims that Defendants unlawfully refused to hire him for other PCPS positions for which he applied before filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Compl. ¶¶ 16-17.) Finally, Clarke claims that Defendants unlawfully retaliated against him for filing the EEOC Charge[2] by continuing to refuse to hire him for PCPS positions for which he applied after he filed the EEOC Charge. (Compl. ¶ 23.)[3]

Clarke was employed with PCPS for approximately three years, serving as a Technology Support Specialist, when his position was "abolished" by PCPS. (Compl. ¶¶ 14-15.) The Technology Support Specialist position was allegedly replaced with a Desktop Support Technician position, and Clarke claims that the two positions were similar except that the Desktop

---

[2] The Court assumes that Clarke's reference to "pending litigation with the PCPS" refers to the pending EEOC Charge.

[3] While the Complaint makes an opening allegation that Clarke was subjected to "blatant discriminatory acts . . . throughout his employment" with PCPS, the Complaint makes no other mention of any discriminatory acts taken by the Defendants during his employment; rather, the balance of the Complaint focuses entirely on Clarke's termination and PCPS's subsequent refusal to rehire him.

2

Support Technician position had fewer job responsibilities than the old Technology Support Specialist position.[4] (Compl. ¶ 15.)

Clarke, then unemployed, applied for the new Desktop Support Technician position, as well as two other PCPS information technology positions. (Compl. ¶ 16.) Clarke was selected for an interview only for the Desktop Support Technician position, and ultimately was not hired for that position. (Compl. ¶ 17.) One individual who allegedly was hired as a Desktop Support Specialist around this same time was a part-time employee who was initially trained by Clarke (and others). (Compl. ¶ 18.) According to Clakre, that individual was "orally promised" a position by William "Bill" Rawles "as a reward for diligence shown as a part time worker." (Compl. ¶ 18.) The individual allegedly was attending community college at the time he was hired, while Clarke had a Bachelor of Science in Information Systems and Decision Sciences from Virginia State University, which he obtained in 1998. (Compl. ¶ 18; Compl. Ex. E, at 2, Docket No. 3-5.)

After failing in his efforts to be rehired by PCPS, Clarke filed the Charge of Discrimination with the EEOC. (Compl. ¶ 21.) While the Complaint does not list the date on which Clarke

---

[4] The position descriptions which Clarke submitted with his Complaint do not seem to support this conclusion. (See Compl. Exs. A, B, Docket Nos. 3-1, -2). Nevertheless, the allegation will be taken as true for purposes of this motion.

3

filed this EEOC Charge, he was issued a Dismissal and Notice of Rights letter from the EEOC on December 15, 2010. (Compl. Exh. E, at 3, Docket No. 3-5.) Allegedly, at some point after the EEOC Charge was filed and before it was resolved, Clarke again applied for an open Desktop Support Technician position. He was not hired for that position. (Compl. ¶¶ 22-23.)

Defendants have moved to dismiss these claims pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Clarke has failed to plead facts sufficient to support his claims.

## DISCUSSION

### I. Standard Of Review

Fed. R. Civ. P. 12(b)(6) permits a party to move for dismissal of a claim if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim" showing that the pleader is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Courts should assume the veracity of all well-pleaded allegations in the Complaint, and should deny a motion to dismiss where those well-plead allegations state a plausible

claim for relief. Id. at 679. A claim is "plausible" when the plaintiff pleads facts sufficient to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Twombly, 550 U.S. at 556. A court should grant a motion to dismiss, however, where the allegations are nothing more than legal conclusions, or where they permit a court to infer no more than a possibility of misconduct. See Iqbal, 556 U.S. at 678-79.

Although courts generally do not consider extrinsic evidence in deciding motions under Rule 12(b)(6), "a court may consider . . . documents central to a plaintiff's claim, and documents sufficiently referred to in the complaint without converting the [motion] into one for summary judgment, so long as the authenticity of such documents is not disputed." PBM Nutritionals, LLC v. Dornoch Ltd., 667 F. Supp. 2d 621, 626 (E.D. Va. 2009) (citing Witthohn v. Fed. Ins. Co., 164 Fed. App'x 395, 396 (4th Cir. 2006)).

## II. Title VII Claims

Clarke alleges that he was unlawfully discriminated against, in violation of Title VII, both when he was terminated from his position and when he was rejected for the three positions for which he applied with PCPS before filing the EEOC Charge, and that he was unlawfully retaliated against when he

5

was rejected for at least one position to which he applied after filing the EEOC Charge. Because, however, Clarke has failed to plead facts sufficient to support any of these claims, Defendants' motion to dismiss will be granted.

### A. Unlawful Termination And Refusal To Hire

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Absent direct evidence of discrimination, a prima facie case of discrimination under Title VII is alleged if a plaintiff pleads that: (i) he is a member of a protected group; (ii) his job performance was satisfactory; (iii) he was subjected to an adverse employment action; and (iv) similarly situated employees outside his class received more favorable treatment. Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

Although Clarke arguably has plead facts sufficient to satisfy the third of these four required elements, he has failed to allege facts to support any of the remaining elements. As an initial matter, the Complaint wholly fails to allege that Clarke is a member of a protected group. While Defendants' assume that Clarke claims he was discriminated against based on his race,

6

(see Defs.' Mem. 9, Docket No. 9), Defendants correctly note that Clarke is required to make such an allegation and has failed to do so. But, for purposes of assessing the motion to dismiss, the Court will assume that Clarke has made such an allegation.

Clarke's claims also fail because he has not sufficiently alleged that his job performance was satisfactory. The only support offered in the Complaint on that point is a number of commendation emails and letters that Clarke received from various PCPS employees whom he assisted. (See Compl. Ex. F, Docket No. 3-6.) These emails and letters, however, are not relevant here, because none of them were written by Clarke's supervisors. The Fourth Circuit has "repeatedly held that in a wrongful discharge action [i]t is the perception of the decision maker which is relevant," Hawkins v. PepsiCo, Inc., 203 F.3d 274, 280 (4th Cir. 2000) (quoting Techs. Applications & Serv. Co., 80 F.3d 954, 960-61 (4th Cir. 1996) (internal quotation mark omitted), and that the "opinions of [the plaintiff's] co-workers as to the quality of [his] work are . . . 'close to irrelevant.'" Id. (quoting DeJarnette v. Corning Inc., 133 F.3d 293, 299 (4th Cir. 1998) (internal quotation marks omitted)).

Finally, Clarke's claim fails because he has not alleged that similarly situated employees outside of his class were treated more favorably. Because Clarke has failed to allege

7

which protected class is he is member of, he is necessarily unable to allege that others outside of that class were treated more favorably. Assuming, arguendo, however, that the Complaint could be read to allege that Clarke was discriminated against based on his race, he nonetheless has failed adequately to plead that the individual who allegedly replaced him was not a member of the same class, instead alleging only that Clarke felt that the individual was less qualified for the job than was Clarke. (See Compl. ¶ 18.) Clarke thus has failed to plead facts sufficient to support his unlawful termination claim.

For essentially the same reasons, Clarke has also failed to plead facts sufficient to establish that PCPS unlawfully refused to hire him for the other positions with PCPS for which he applied. Because Clarke has failed to allege facts sufficient to establish a prima facie case of unlawful termination or of unlawful failure to hire, his Title VII discrimination claims fail.

### B. Unlawful Retaliation

Clarke also claims that he was denied employment with PCPS in retaliation for having filed the EEOC Charge. Title VII prohibits retaliation against employees who oppose discriminatory practices or make charges or otherwise participate in a Title VII hearing. 42 U.S.C. § 2000e-3(a). To establish a claim of unlawful retaliation under Title VII, a

plaintiff must plead that: (i) he engaged in a protected activity; (ii) he was subject to an adverse employment action; and (iii) there was a causal connection between the protected activity and the employment action. Hopkins v. Balt. Gas & Electric Co., 77 F.3d 745, 754 (4th Cir. 1996). The filing of an EEOC Charge is clearly a protected activity, and Defendants concede that Clarke suffered an adverse employment action. (See Def.'s Mem. 12, Docket No. 9). Clarke nonetheless has failed to plead that a sufficient connection existed between the failure to hire him and the filing of an EEOC charge.

To establish a sufficient nexus, the plaintiff must allege that the adverse action would not have occurred "but for" the protected conduct. Ross v. Commc'ns Satellite Corp., 759 F.2d 355, 365-66 (4th Cir. 1985), overruled on other grounds by Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). The plaintiff must also allege that "the actual decisionmaker, the person principally responsible for the adverse employment action, or someone with disciplinary authority had knowledge that the plaintiff engaged in protected activity." Johnson v. Harvey, No. 1:05CV310, 2006 WL 325744, at *5 (E.D. Va. Feb. 7, 2006 (citing Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 298-99 (4th Cir. 2004)). The Complaint fails to make either allegation, instead stating only that "retaliation likely occurred" because of the "pending litigation." (Compl. ¶ 23.)

9

That is an entirely speculative conclusion. Because Clarke has failed to plead a prima facie case of retaliation, this claim too will be dismissed.

## CONCLUSION

For the foregoing reasons, the MOTION TO DISMISS (Docket No. 8) will be granted and the action will be dismissed with prejudice.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 24, 2012